IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

IN AND FOR SEMINOLE COUNTY, FLORIDA

JAN GARDWOOD

Plaintiff

v.

REBECCA FIERLE; THOMAS P.
MOSS, ESQ.; SAWYER & SAWYER,
P.A.; DENISE WILLIS; JAMES
DENNIS KISIO, ESQ.; BOGIN,
MUNNS & MUNNS, P.A.; THE
PALMS OF LONGWOOD; KENDRA
WOLFRUM; DANIELLE WOLFRUM;
DANIEL PAREDA; CONERNSTONE
LONGWOOD LEASING, LLC;THE
EIGHTEEN CIRCUIT COURT-
(Declaratory Judgment Only)

Defendants

_____ )

**Case No**:

**COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

**CAUSES OF ACTION:**

**1.Violation of Federal Rights
(42 U.S.C. §1983);
2.Civil Conspiracy;
3.Violation of Americans with
Disabilities Act, Title II
4.False Imprisonment;
5.Breach of Fiduciary Duties;
6.Elder Abuse & Fraud
7.Professional Negligence;
8.Negligence;
9.Violation of §501.204
10. Declaratory Relief**

Plaintiff allege as follows:

## I. <u>INTRODUCTION</u>

1.  Defendants engaged in a continuing conspiracy, initially conspiring to abuse process and strip

    Plaintiff Jan Garwood of her due process rights and unlawfully force her into a Guardianship

    against her will in violation of her federal civil rights and Florida law, and then conspiring further

    to cover up the initial conspiracy

2.  The continuing, cover up conspiracy caused Plaintiff Jan Garwood to be isolated from her friends

    and family, forced to take inappropriate medications, falsely imprisoned, unconsciously

neglected of appropriate healthcare, drugged on pain pills, depleted of the vast majority of her financial assets, sold her home vastly under value to the Manager of the Palms of Longwood's Kendra Wolfrum's daughter, Danielle Wolfrum and her boyfriend Daniel Pareda, which the Plaintiff vehemently objected to, leaving her without a home and transportation when she was released from the Guardianship, allowed her to continue to be repeatedly battered by residents in the Palms of Longwood which resulted in her fracturing bones in her body never giving her proper medical care, discriminated against her religious views by not allowing her to practice Judaism.

3.   Fortunately, the Plaintiff's was able to sneak a cell phone and gain access to Facebook, where she connected with Hillary Hogue, who found her an attorney that was able to file a Suggestion of Capacity, have her evaluated by a Doctor and be released from the Guardianship.

4.   Plaintiff was completely deprived of all her rights for over three (3) years, while remaining under a Plenary Guardianship and forced to live in the most highly restricted residence against the intent of Statute 744 and endured physical abuse, emotional abuse, and neglect.

5.   Defendants trampled on Plaintiff, Jan Garwood's rights, rather than protecting them, as they acted for personal gain by continuing to object to the restoring of any of the Plaintiff's rights, contesting every effort to terminate the Guardianship, which greatly increased the amount of attorney fees taken from the Plaintiffs estate. Furthermore, the Defendants billed for services and a lock down facility, the Plaintiff did not need nor request, accruing egregious debts taken from the small amount of assets left to the Plaintiff.

6.   Defendants' continuing conspiracy and cover up resulted in violations of the Plaintiff Jan Garwood's federal rights, rights under the Americans with Disabilities Act, rights under the Florida Civil Rights Act, and caused her to suffer False Imprisonment, Breach of Fiduciary Duties owed to her, Elder Abuse, Professional Negligence and other Negligence, all as set forth in the causes of action stated below.

## II. PARTIES

7.  Plaintiff Jan Garwood is a 69 year old female, who resides in Seminole County, Florida.

8.  Defendant, Rebecca Fierla, was the petitioner who petitioned to placed Plaintiff Jan Garwood into a Guardianship against her wishes and who became appointed as Plenary Guardian over Jan Garwood from 2017 until she resigned in 2018 due to criminal charges whose office was located at 1646 Hillcrest St. Orlando, FL 32803 and post office address is P.O. Box 568625, Orlando, FL 32856

9.  Defendant, Thomas P. Moss, Esq., was the attorney representing the petitioner to place Plaintiff Jan Garwood into a Guardianship against her wishes whose business office is located at 8913 Conroy Windermere Rd Orlando, Florida 32835-3127

10. Defendant, Sawyer & Sawyer, P.A., is the law firm that employs the attorney representing the petitioner to Plaintiff Jan Garwood into a Guardianship against her wishes whose business office is located at 8913 Conroy Windermere, Rd Orlando, Florida 32835-3127

11. Defendant, Denise Willis, was the successor guardian who served from 2018 until present, whose office is located at 201 Lake Boulevard, Sanford, FL 32773 and post office address is P.O. Box 471406, Lake Monroe, Florida 32747

12. Defendant, James Dennis Kisio, Esq., was the attorney representing the successor guardian from 2018 until present, whose office is located at 450 Commerce Way Ste 108 Longwood, FL 32750-7596

13. Defendant, Bogin, Munns & Munns, P.A., is the law firm that employees, the attorney representing the successor guardian from 2018 until present whose office is located at 1000 Legion Place, Suite 1000 Orlando, FL 32801

14. Defendant, The Palms of Longwood, whose principal address is 3651 Peachtree Pkwy., E-351 Suwanee, GA and operating facility location where Plaintiff Jan Garwood was forced to be locked up was 480 E. Church Ave, Longwood, FL 32750

15. Defendant, Kendra Wolfrum, manager of The Palms of Longwood, whose principal address is 1201 Hays St. , Tallahassee, FL 32301

16. Defendant, Danielle Wolfrum, employee of The Palms of Longwood, whose principal address is 1201 Hays St. , Tallahassee, FL 32301

17. Defendant, Daniel Pareda, employee of The Palms of Longwood, whose principal address is 1201 Hays St. , Tallahassee, FL 32301

18. Defendant, Cornerstone Longwood Leasing, LLC, doing business with The Palms of Longwood, whose principal address is

### III. JURISDICTION AND VENUE

19. This is an action that exceeds $75,000.00

20. Concurrent jurisdiction exists in federal and state circuit court for the claims set forth as the First Cause of Action (42 U.S.C. § 1983 – Violations of Federal Civil Rights) and the Third Cause of Action (Violation of the Americans with Disabilities Act, Title II).

21. The Circuit Court of the Eighteenth Circuit Judicial Circuit has jurisdiction for all claims sets forth herein.

22. Seminole County is the proper venue for all claims asserted herein, since all Defendants conduct business within Seminole County and most, if not all, of the wrongful conduct alleged herein took place within Seminole County and the harms were suffered by Plaintiff within Seminole County.

### IV. GENERAL ALLEGATIONS

23. Upon having her rights fully restored, Plaintiff Jan Garwood is finally able to discover and prosecute claims on her behalf

24. Plaintiff Jan Garwood, was at all relevant times under a plenary guardianship and unable to prosecute her claims on her own behalf

25. Defendants' continuing conspiracy and neglect caused Plaintiff Jan Garwood to endure physical and emotional abuse while being locked up at the Palm of Longwood, isolated from family and friends and unable to receive appropriate healthcare.

26. Defendants' continuing conspiracy and neglect isolated Plaintiff Jan Garwood from her family, improperly drugged her as a form of chemical restraint, deprived her social interactions and outings and otherwise curtailed her physical and psychosocial development and placed her into the most restrictive environment, rather than the least restrictive environment, all contrary to law.

27. Defendants trampled on Plaintiff Jan Garwood's rights, rather than protecting them as they acted for personal gain and garnered fees for themselves and other Defendants for services Plaintiff Jan Garwood never wanted and did not need.

28. Defendants' conspired to sell Plaintiff, Jan Garwood's home to the daughter of the Manager of the Palms of Longwood, for a price drastically below value, leaving Jan ultimately homeless upon the termination of the guardianship which has forced Jan to live out of a friends garage.

29. Defendants conspired with each other and with the Florida Circuit Court to violate Plaintiff Jan Garwood's federal rights, forcing her into a guardianship against her will without compliance with the jurisdictional prerequisites mandated under Florida Probate Code Chapter 744.

30. Defendants acted under color of state law to deprive Plaintiff Jan Garwood of her federal rights, including (i) rights under the Americans with Disabilities Act to have the appointment of legal counsel to zealously advocate for her due to  seizure disorder (ii) rights to due process under the 14th Amendment including right to counsel, right to access courts, right to a jury trial, compliance with jurisdictional requirements and other guaranteed due process prior to taking away property and liberties, (iii) to not be retaliated against for assertion of Constitutional rights; and (iv) to not have false testimony/false evidence presented to take away property rights and liberties.

31. Defendants' continued their conspiracy against Plaintiff to falsely imprison Plaintiff Jan Garwood through the use of chemical restraints and confinement to an inappropriate facility, and

often to a room within the facility, with no phone, computer, or way to communicate outside the facility, all to unlawfully isolate her from her family and friends.

32. Defendants, through their continuing conspiracy, violated the Florida Probate Code, Florida Constitution, and U.S. Constitution, by discriminating against Plaintiff Jan Garwood's practice of Judaism, not allowing her to maintain a Kosher diet or practice holidays, forcing her to acknowledge Christian Holidays, among other religions.

33. The continuing conspiracy resulted in breach of fiduciary duties owed to Plaintiff, resulting in Elder Abuse, Professional Negligence and other neglect as Defendants also improperly took over Plaintiff Jan Garwood's Assets and Trust and accrued a large amount of unnecessary costs and did not prudently invest her money and real-estate as required under their duties.

### V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of Federal Rights
### (42 U.S.C. §1983);

34. Paragraphs 1 through 28, are incorporated by reference as though set forth fully in this cause of action.

35. Defendants, REBECCA FIERLE; THOMAS P. MOSS, ESQ.; SAWYER & SAWYER, P.A.; DENISE WILLIS; JAMES DENNIS KISIO, ESQ.; BOGIN, MUNNS & MUNNS, P.A.; THE PALMS OF LONGWOOD; KENDRA WOLFRUM; DANIELLE WOLFRUM; DANIEL PAREDA; CONERNSTONE LONGWOOD LEASING, LLC;  , and each of them, conspired to and did violate Plaintiff Jan Garwood's rights under the Americans with Disabilities Act, by contributing to and causing denial of her right to be provided the reasonable accommodation of appointed counsel to advocate for her due to her known disability of seizure disorder

36. These Defendants, and each of them violated Plaintiff Jan Garwood's right to due process prior to depriving her of liberties and property

37. These Defendants, and each of them, retaliated against (or enabled, assisted, encouraged others to retaliate against) Plaintiff Jan Garwood when attempts were made to restore Jan Garwood's rights.

38. Each Defendant was acting or purporting to act in the performance of their official duties under color of state law or as a private actor (i) performing a traditional, exclusive public function in relation to the Guardianship; (ii) willfully taking the actions discussed herein at the direction of the courts and/or court-appointed officers; or (iii) willfully acting jointly with state courts and/or court-appointed officers in violating Jan Garwood's federal rights as discussed herein.

39. Alternatively, and in light of the circumstances of this case, the state has so significantly involved itself in the private conduct involved in guardianships that the private parties may fairly be termed state actors since, among other factors, the state heavily regulates guardianship matters, or compelled or encouraged the particular conduct described herein.

40. These Defendants, and each of their conduct (1) violated Plaintiff Jan Garwood's rights to reasonable accommodations under the Americans with Disabilities Act by not providing her competent counsel to zealously advocate on her behalf, (2) violated Jan Garwood's rights to due process guaranteed by the Fourteenth Amendment to the United States Constitution, (3) violated rights under federal law to not by retaliated against for assertion of Constitutional rights.

41. As a result of Defendants', and each of their conduct described herein, Jan Garwood was harmed economically, physically, and psychosocially according to proof at trial.

42. Defendants', and each of their conduct described herein was a substantial factor in causing Jan Garwood's harm

43. Jan Garwood is entitled to recover damages, including economic, non-economic and potentially punitive damages, all according to proof at trial.

*Violated ADA- Failure to Provide Reasonable Accommodation of Legal Counsel*

44. The Americans with Disabilities Act (the "ADA") is federal legislation that protect persons with known disabilities from being discriminated against on the basis of their disability.

45. ADA prohibited discrimination includes failure to make reasonable modification in policies, practices or procedures to afford person with disabilities the same access to goods, services, facilities, privileges, advantages or accommodations as those enjoyed by persons without the disability

46. The ADA specifically applies to state courts in providing reasonable accommodations to person with disabilities.

47. These Defendants, and each of them, acting alone and in concert with each other and with the Florida Circuit Court and/or court-appointed officials, deprived Jan Garwood of her rights to participate in the litigation that resulted in taking away her liberties and property by improperly forcing her into a guardianship that she had expressly made clear she did not want.

48. In particular Defendants' and each of their conduct denied Jan Garwood an ability to speak on her own behalf during the guardianship proceedings (i) she was not present during the trial as mandated under Florida Probate Code Chapter 744 (ii) she was not provided the reasonable accommodation of appointed competent legal counsel to zealously advocate for her right to not be placed in a guardianship against her will.

**14th Amendment – Deprivation of Liberty and Property Without Due Process**

49. These Defendants, and each of them, acting alone and in concert with each other and with Florida Circuit Court and/or court appointed officials, deprived Jan Garwood of her due process rights to participate meaningfully in the litigation that resulted in taking away her liberties and property, improperly forcing her into a guardianship that she made clear she did not want.

50. In particular, these Defendants' conduct denied Jan Garwood rights to due process, because (i) she was not present during the court proceedings (ii) she was not appointed competent legal counsel to zealously advocate for her to not be placed in a guardianship that she did not want

(iii) she was drugged as a form of chemical restraint (iv) she was isolated from family and friends (v) she was falsely imprisoned in an inappropriate lock down facility for over two years (vi) she was denied visits and outings (vii) her home and vehicle was improperly sold (viii) her assets were improperly and unnecessarily expended to pay Defendants for professional fiduciary services she did not need (ix) she was deprived of nutrition and appropriate healthcare (x) private fiduciaries improperly took over her Trust  (xi) Jan Garwood's rights were not protected and her needs were intentionally disregarded or grossly neglected

***Retaliation***

51. These Defendants, and each of them, acting alone and in concert with each other and with Florida Circuit Court and/or court appointed officials, retaliated against Jan Garwood for exercising her constitutional rights

52. By litigating to attempt to restore Jan Garwood's rights of which she was deprived, as discussed above, the Defendants unnecessarily objected to efforts for Jan Garwood to obtain zealous advocacy and restore her rights

53. In particular, these Defendants' retaliatory conduct  (i) she was denied presence during court proceedings (ii) threatened sanctions on those who tried to zealously advocate for her (iv) she was isolated from family and friends (v) she was falsely imprisoned in an inappropriate lock down facility for over two years (vi) she was denied visits and outings (vii) her home and vehicle was improperly sold (viii) her assets were improperly and unnecessarily expended to pay Defendants for professional fiduciary services she did not need (ix) she was deprived of nutrition and appropriate healthcare (x) intentional delay of court proceedings that were to further the restoration of Jan Garwood's rights

54. These Defendants, and each of their, actions discussed above were motivated, at least in part, by Jan Garwood's exercise of her Constitutionally protected activity.

55. Defendants, and each of their actions discussed above would likely have deterred a person of ordinary firmness from engaging in that protected activity.

56. Jan Garwood was harmed as a result of each Defendants conduct.

## SECOND CAUSE OF ACTION

### Civil Conspiracy

57. Paragraphs 1 through 51, inclusive, are incorporated by reference as though set forth fully in this cause of action

58. Defendants, and each of them, acting in concert with the other Defendants, with the Circuit Court of Florida and/or with court-appointed officers violated federal civil rights as set forth above in the First Cause of Action, violated the Americans with Disabilities Act, committed False Imprisonment, engaged in Elder Abuse, Fraud by Misrepresentation, caused Breach of Fiduciary Duties, Professional Negligence and/or other neglect, all as set forth in the Causes of Action following this Second Cause of Action

59. Plaintiff was harmed by the Defendants, and each of their, joint action or conspiracy to commit violations of federal civil rights

60. Plaintiff was harmed by the Defendants, and each of their, joint action or conspiracy to commit violations of the Americans with Disabilities Act.

61. Plaintiff was harmed by the Defendants, and each of their, joint action or conspiracy to commit False Imprisonment.

62. Plaintiff was harmed by the Defendants, and each of their, joint action or conspiracy to commit Elder Abuse.

63. Plaintiff was harmed by the Defendants, and each of their, joint action or conspiracy to commit Breach of Fiduciary Duties

64. Plaintiff was harmed by the Defendants, and each of their, joint action or conspiracy to commit Professional Negligence

65. Defendants, and each of them, committed acts in the continuing conspiracy through an agreement to commit and/or aid and abet the wrongful acts complained of herein.

66. Defendants agreement is implied by their conduct as described herein and, upon information and belief, may have additionally been made orally and/or in writing.

67. Each Defendant was aware that one or more of the other Defendants planned to engage in the wrongful acts complained of herein.

68. The facts and circumstance relevant to the inference of a conspiracy include all or most of the following:

(a) Defendants, Rebecca Fierle, Thomas P. Moss, Sawyer & Sawyer P.A., intentionally filed a Petition to Appoint Rebecca Fierle as Plenary Guardian over Plaintiff Jan Garwood's person and property knowing Jan Garwood rejected this and was not a candidate for a plenary guardianship

(b) Defendants, Rebecca Fierle, Thomas P. Moss, Sawyer & Sawyer P.A., immediately started billing Plaintiff Jan Garwood for unnecessary fees and costs, which they personally benefited from.

(c) Rebecca Fierle, immediately and forcefully removed Plaintiff Jan Garwood from her home to The Palms of Longwood, whom Rebecca Fierle had relations with and unnecessarily charged Jan Garwood excess money to reside in inappropriate highly restrictive measures

(d) Rebecca Fierle filed a Petition to Sell Jan Garwood's Car under value and prepaid funeral expenses unnecessarily.

(e) Defendants, Denise Willis, James Dennis Kisio, Bogin, Munns & Munns, Kendra Wolfrum, Danielle Wolfrum, and Daniel Pareda planned the sale of Plaintiff Jan Garwood's home to sell under value to Danielle Wolfrum and Daniel Pareda, while keeping Plaintiff Jan Garwood locked up at The Palms of Longwood

(f) Defendants, Denise Willis, James Dennis Kisio, Bogin, Munns & Munns, continued to bill Plaintiff Jan Garwood for unnecessary fees and costs, which they personally benefited from.

## **THIRD CAUSE OF ACTION**

### **Violation of Americans with Disabilities Act, Title II**

69. Paragraph 1 through 68, inclusive, are incorporated by reference as though set forth fully in this cause of action

70. The Americans with Disabilities Act was violated through failure to ensure Jan Garwood's right to reasonable accommodations were met by the appointment of competent legal counsel to provide her with zealous advocacy and legal representation to allow her to participate in the litigation aimed at forcing her into a guardianship against her will.

71. During the majority of the Guardianship Plaintiff Jan Garwood was without any counsel and denied any in court appearances on behalf of the litigation involving the guardianship that she was against.

72. The Palms of Longwood refused to allow Plaintiff Jan Garwood's attorney to pick her up for any hearings once Jan Garwood was able to secure an attorney during the last couple of months of being held in a guardianship.

## **FOURTH CAUSE OF ACTION**

### **False Imprisonment**

73. Paragraphs 1 through 72, inclusive, are incorporated by reference as though set forth fully in this cause of action

74. Plaintiff Jan Garwood was wrongfully restrained, confined and/or detained by Defendants, and each of them, by being improperly administered mind-altering drugs as a form of chemical restraint, and being (i) confined to a lock down facility and often room bound (ii) isolated from her family, (iii) denied outings or the ability to attend in court hearings (iv) through other improper restrictions on her rights and freedoms

75. Defendants, and each of them, participated in intentionally depriving Plaintiff Jan Garwood of her freedom of movement by use of physical barriers, chemical restraints, force, threats of force, menace, fraud, deceit, and/or unreasonable duress.

76. The restraint, confinement and/or detention compelled Plaintiff to stay in her room for unreasonable amounts of time

77. Plaintiff Jan Garwood did not voluntarily consent to these constraints on her freedom of movement. Plaintiff was actually harmed physically, psychosocially and/or financially by the false imprisonment(s)

78. Defendants' and each of their participatory conduct in creating the false imprisonment were/was a substantial factor in causing the harms to the Plaintiff.

## **FIFTH CAUSE OF ACTION**
### **Breach of Fiduciary Duties**

79. Paragraphs 1 through 78, inclusive, are incorporated by reference as though set forth fully in this cause of action

80. Defendants Thomas P. Moss, Esq. & James Dennis Kisio, Esq., owed fiduciary duties to Plaintiff Jan Garwood, as the Attorneys for the Guardians

81. Defendants Rebecca Fierle & Denise Willis, owed fiduciary duties to Plaintiff Jan Garwood, as her appointed Gaurdians

82. Defendants, Sawyer & Sawyer, P.A. & Bogin, Munns & Munns, owed fiduciary duties to Plaintiff, as the law firms employing the Attorneys for the Guardian

83. Defendants The Palms of Longwood & Cornerstone Longwood Leasing, LLC, owed fiduciary duties to Plaintiff, as the facility housing and medically providing to the Plaintiff

84. Defendants, and each of them, knew about the other Defendants' fiduciary duties owed to the Plaintiff and provided substantial assistance or encouragement to one or more Defendant(s) (civil aiding and abetting) to breach their fiduciary duties owed to Plaintiffs.

85. By breaching and/or assisting or encouraging others to breach fiduciary duties owed to the Plaintiff Jan Garwood, Defendants and each of them caused or allowed all of the deprivation of rights, violation of federal rights, discrimination, false imprisonment, elder abuse, violations under §501.204, negligence, and professional negligence as set forth in this complaint

86. Each Defendant's conduct was a substantial factor in causing the harms to the Plaintiff

87. Plaintiff suffered damages according to proof at time of trial.

## SIXTH CAUSE OF ACTION

### Elder Abuse & Fraud

88. Paragraphs 1 through 87, inclusive, are incorporated by reference as though set forth fully in this cause of action

89. Defendants Rebecca Fierle, Thomas P. Moss, Esq., James Dennis Kisio, Esq. Denise Willis, had a substantial caretaking or custodial relationship with Plaintiff Jan Garwood involving ongoing responsibility for her basic needs

90. Defendant was in her late 60s while she was in these Defendants' care or custody

91. Each of these Defendants failed to use the degree of care that a reasonable person in their same situation would have used in providing for Jan Garwood's basic needs including: (i) preventing malnutrition (ii) avoiding unnecessary powerful mind-altering drugs as a chemical restraint (iii) providing basic medical needs (iv) providing physical activity (v) keeping her safe from physical abuse she endured while locked up at the Palms (vi) not isolating her from family and friends (vii) keeping her locked up in a facility with several residence who had COVID (viii) protection of her rights, providing for her physical needs and psychosocial development and allowing for her to live in the least restrictive means possible

92. Each of these Defendants also took, hid, appropriated, obtained or retained and/or assisted in taking, hiding, appropriating, obtaining or retaining Plaintiff's property for a wrongful use or with the intent to defraud or by undue influence

93. Each of these Defendants, through their conspiracy, engaged in fraud through an intentional misrepresentation, deceit, or concealment of a material fact with the intention of depriving Plaintiff Jan Garwood of her rights and/or property or otherwise to cause Plaintiff injury

94. Each Defendants' conduct was a substantial factor in causing Plaintiff harm

95. Plaintiff suffered damages according to proof at time of trial.

## SEVENTH CAUSE OF ACTION

### Professional Negligence

96. Paragraphs 1 through 95 inclusive, are incorporated by reference as though set forth fully in this cause of action

97. Plaintiff Jan Garwood was harmed by the professional negligence, including by way of fraudulent conspiracy, of Defendants Rebecca Fierle, Thomas P. Moss, Esq., James Dennis Kisio, Esq. Denise Willis, Sawyer & Sawyer, P.A., Bogin, Munns & Munns, The Palms of Longwood, Cornerstone Longwood Leasing, LLC., Kendra Wolfrum, Danielle Wolfrum, and Daniel Pareda

98. Each of these Defendants was negligent in providing professional services as a fiduciary.

99. Plaintiff Jan Garwood was harmed as a result of these Defendants', and each of them, professional negligence resulting in deprivation of her rights, false imprisonment by being bound to a highly restrictive facility and restricted to her room for over (2) years, drugged by means of chemical restraint, left to be battered in the facility with no medical care, house sold for over $200,000 below its value, assets unnecessarily depleted wastefully, assets not prudently invested, deprived of basic healthcare needs, isolated from friends and family, discriminated for Judaism and not allowed to practice religion, unable to keep real estate and hair dressing licenses current, unable to further education

100. These Defendants', and each of them, professional negligence was a substantial factor in causing Plaintiff Jan Garwood harm

101. Plaintiff suffered damages as a result of each defendant's professional negligence according to proof at time of trial.

### EIGHTH CAUSE OF ACTION

#### Negligence

102. Paragraphs 1 through 102 inclusive, are incorporated by reference as though set forth fully in this cause of action

103. Plaintiff Jan Garwood was harmed by the negligence of each Defendant

104. Each Defendant was negligent in providing services to Jan Garwood

105. Plaintiff Jan Garwood was harmed as a result of these Defendants', and each if their, negligence resulting in deprivation of her rights, false imprisonment by being bound to a highly restrictive facility and restricted to her room for over (2) years, drugged by means of chemical restraint, left to be battered in the facility with no medical care, house sold for over $200,000 below its value, assets unnecessarily depleted wastefully, assets not prudently invested, deprived of basic healthcare needs, isolated from friends and family, discriminated for Judaism and not allowed to practice religion, unable to keep real estate and hair dressing licenses current, unable to further education

106. These Defendants', and each of their, negligence was a substantial factor in causing Plaintiff Jan Garwood's harm

107. Plaintiff suffered damages according to proof at time of trial.

### TENTH CAUSE OF ACTION

#### Violation of §501.204
#### Deceptive and Unfair Trade Practices

108. Paragraphs 1 through 107 inclusive, are incorporated by reference as though set forth fully in this cause of action

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

109. Defendants, and each of them, intentionally sold Plaintiff Jan Garwood's home and assets under value for personal gain

110. Defendants, and each of them misled the Court into believing these assets were necessary to sell and were sold at a fair market value

111. Defendants, and each of them, intentionally inflated fee invoices, claiming work was done in the interest of the Plaintiff.

112. Defendants, and each of them intentionally withheld relevant and important information for the sale of the Plaintiffs home and assets from her

113. Defendants, and each of them, hold themselves to the public as prudent investors and caretakers of the incapacitated. Yet, unseen to the public conspire to work out deals wastefully managing Wards Assets.

## ELEVENTH CAUSE OF ACTION
### Declaratory Relief

114. Paragraphs 1 through 113 inclusive, are incorporated by reference as though set forth fully in this cause of action

115. Plaintiff Jan Garwood seeks a declaratory judgment from the court that the Seminole County Circuit Court, Probate Division, participated in or knowingly allowed violated of the Plaintiff Jan Garwood's rights by:

(a) Failing to comply with the jurisdictional prerequisites mandated by Probate Code section 744 before forcing an incapacitated person into a guardianship against their wishes

(b) Refusing to provide her with counsel to act as a zealous advocate for her during and after the trial to determine incapacity, as required through proper compliance with the American with Disabilities Act;

(c) Allowing all of the further abuses set forth in Paragraphs 1 through 113 above, and/or

116. Plaintiff Jan Garwood further seeks a declaratory judgment requiring the following changes in policies and practices to prevent these abuses from happening to others:

(a) Strict adherence with the mandates of Probate Code Chapter 744

(b) Procedure to require rescission of guardianship orders issued without compliance with Chapter 744, to be affected immediately upon written request showing the failure to comply with Chapter 744; and

(c) Mandate assignment of independent legal counsel to zealously advocate for incapacitated litigants, including but not limited to guardianship or others alleged to lack legal capacity

## VI. PRAYER FOR RELIEF

Plaintiff pray for judgment against Defendants, and each of them, as follows:

(1) Declaratory Relief according to the request in the 11th Cause of Action

(2) Economic damages for all losses incurred, including but not necessarily limited to compensatory and consequential damages;

(3) Non-economic damages for pain and suffering, humiliation, loss of companionship, anxiety, shame, depression, worry, shock, and indignity;

(4) Statutory damages;

(5) Disgorgement of fees;

(6) Pre- and post-judgement interest;

(7) Attorneys' fees and costs;

(8) Other relief allowed under principles of law or equity as the court deems just and proper.

Dated: December 2020

Respectfully submitted,

By:__/s/_____
LESLIE ANN FERDERIGOS, ESQ.
LESLIE ANN FERDERIGOS, ESQ.
FBN #: 0127526
COUNSEL FOR PLAINTIFF

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LESLIE ANN LAW, PA
10454 BIRCH TREE LANE
WINDERMERE, FL 34786
407-969-6116
E-MAIL: leslie@leslieannlaw.com

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby make demand for a jury trial as guaranteed by the Florida Constitution Article I, Section § 22

Respectfully submitted,

By:__/s/_____
LESLIE ANN FERDERIGOS, ESQ.