UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAN GARDWOOD,

    Plaintiff,

v.                                                                                 Case No. 6:20-cv-2321-Orl-37EJK

REBECCA FIERLE; THOMAS P. MOSS;
SAWYER & SAWYER; DENISE WILLIS;
JAMES DENNIS KISIO; BOGIN,
MUNNS & MUNNS, P.A.; THE PALMS
OF LONGWOOD; KENDRA
WOLFRUM; DANIELLE WOLFRUM;
DANIEL PAREDA; CORNERSTONE
LONGWOOD LEASING, LLC; and THE
EIGHTEENTH CIRCUIT COURT,

    Defendants.

## ORDER

On *sua sponte* review, Plaintiff's Complaint (Doc. 18) is dismissed as an impermissible shotgun pleading.

A shotgun complaint "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Here, as Counts Two through Ten of the Complaint incorporate all preceding allegations (*see* Doc. 18, ¶¶ 57, 69, 73, 79, 88,

96, 102, 108), it constitutes an impermissible shotgun pleading and must be dismissed. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). If Plaintiff chooses to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.[1]

It is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 18) is **DISMISSED WITHOUT PREJUDICE.**

2. By Friday, **January 8, 2020** Plaintiff may file an amended complaint correcting the deficiencies identified in this Order. Failure to timely file will result in the closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 29, 2020.



ROY B. DALTON JR.
United States District Judge

---

[1] The Court also notes the Complaint suffers from what appears to be a scrivener's error, with no "Ninth Cause of Action" listed. While not fatal, such errors can cause confusion and are best corrected since repleader is required at any rate.

Copies to:
Counsel of Record